IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-46-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CRAIG DOCKERY | ) | |
| | ) | |

This matter is before the Court on Defendant's "Motion to Discontinue Sentence, Due Process Violations in Case" [DE 66] and "Motion to Discontinue Sentence in Case Due to 'Operation Tarnished Badge Claim out of Robeson County'" [DE 83]. The United States filed a Motion to Dismiss [DE 73] in response to Mr. Dockery's Motion at DE 66. A hearing was held on the Motions before the undersigned in Raleigh, North Carolina on November 4, 2011. For the following reasons, the United States' Motion to Dismiss is GRANTED and Mr. Dockery's Motions are DISMISSED.

## BACKGROUND

On October 31, 2002, Mr. Dockery pleaded guilty to distribution of at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced by the Court on March 3, 2003 to 210 months of imprisonment and a fine of $9,000. Mr. Dockery subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255. In an Order filed on May 1, 2006, this Court dismissed Mr. Dockery's motion to vacate and summary judgment was granted to the United States [DE 55]. Mr. Dockery appealed to the United States Court of Appeals for the Fourth Circuit, and the decision was affirmed. *United States v. Dockery*, 205 F. App'x 106 (4th Cir. Nov. 7, 2006), *cert denied*, 128 S. Ct. 146 (Oct. 1, 2007).

On December 14, 2007, Mr. Dockery filed a motion to "discontinue" his sentence for due process violations [DE 66]. He alleges that certain officers involved in his case were corrupt because of their involvement in Operation Tarnished Badge, and he seeks to have counsel appointed to review the files. Based upon the relief sought, the Court construes that motion as a motion pursuant to 28 U.S.C. § 2255. The United States moved to dismiss this motion as second or successive [DE 73].

On May 15, 2009, Mr. Dockery filed another motion to "discontinue" his sentence, pursuant to 28 U.S.C. § 1651(a) [DE 83]. Based on his citation to *United States v. Morgan*, 346 U.S. 502 (1954), this Court interprets that motion as seeking a writ of error coram nobis, which it also recharacterizes as a motion pursuant to 28 U.S.C. § 2255, given that Mr. Dockery remains in custody.

## DISCUSSION

In his motion filed December 14, 2007 [DE 66], Mr. Dockery seeks an evidentiary hearing, discovery of evidence, and appointment of counsel. In essence, this motion is more accurately a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Because Mr. Dockery has filed a previous section 2255 petition, this Court does not have jurisdiction to consider this second section 2255 petition. In order to pursue a second motion pursuant to § 2255, Mr. Dockery would first need to petition the Fourth Circuit for permission. 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").

Because this Motion is construed as a second section 2255 petition, and is therefore procedurally barred, notice to Mr. Dockery under *Emmanuel* is not required. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002). Generally, a court must notify a petitioner before

recharacterizing a motion as being subject to section 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous section 2255 motion dismissed on the merits. *See Emmanuel*, 288 F.3d at 650.

After filing this Motion, Mr. Dockery filed a motion in the Fourth Circuit, seeking leave to file a second section 2255 petition. That motion was denied by the Fourth Circuit's Order of May 4, 2009 [DE 83-2]. Mr. Dockery then filed a Motion seeking a writ of error coram nobis in this Court [DE 83]. However, the extraordinary writ of error coram nobis is available only when the petitioner is not in custody. *See, e.g., United States v. Smith*, 77 F. App'x 180, 180 (4th Cir. 2003) (citing *United States v. Sawyer*, 239 F.3d 31, 37 (1st Cir. 2001)). Therefore, based on the relief sought in the Motion, this Court construes it as another unauthorized, successive petition under 28 U.S.C. § 2255. *See United States v. McClinton*, 421 F. App'x 310, 310 (4th Cir. 2011). Because the Fourth Circuit denied permission to file this petition, the Motion is dismissed as moot.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the petitioner is not entitled to relief and the United States is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have

been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [DE 73] is GRANTED and Mr. Dockery's Motions [DE 66, 83] are DISMISSED.

SO ORDERED, this the 30 day of November, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE